IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| ANTHONY E. MACK,<br><br>    Plaintiff,<br><br>  v.<br><br>EDMUND G. BROWN, Governor, et al.,<br><br>    Defendants. | Case No.: 12-2517 CW (PR)<br><br>ORDER OF DISMISSAL AND TERMINATING PENDING MOTIONS<br><br>(Docket nos. 4, 6, 7) |
|---|---|

    Plaintiff, a state prisoner incarcerated at Corcoran State Prison (Corcoran), has filed this pro se civil rights action under 42 U.S.C. § 1983, seeking declaratory and injunctive relief for an alleged unlawful criminal conviction. He has been granted leave to proceed in forma pauperis.

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

    Plaintiff alleges that in 1982 he was subjected to unlawful arrest, interrogation and detention, which led to his entering an invalid guilty plea in 1983. He claims the violation of his

constitutional rights by numerous Defendants, including the attorneys who represented him, the members of the District Attorney's Office who prosecuted him, and the judges who presided over his criminal proceedings.  He further claims that Governor Brown and other state officials are aware of the constitutional violations but have acted to conceal his attempts to receive justice.  He seeks a declaratory judgment that his conviction is unlawful and immediate release from confinement.

Plaintiff's complaint fails to state a claim for relief under § 1983.  "'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.  Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'"  Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)).  Thus, to the extent a prisoner maintains he is entitled to "immediate or speedier release" from confinement, such a claim may be asserted only in a petition for a writ of habeas corpus.  See Skinner v. Switzer, 131 S. Ct. 1289, 1293 (2011) (internal citation and quotation omitted).

Here, Plaintiff has filed a civil rights complaint but he seeks relief that can be granted only by way of habeas corpus.  A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus.  See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).  Accordingly, the instant action is hereby DISMISSED without prejudice to Plaintiff's filing a federal habeas petition

challenging the validity of his confinement, once he has exhausted state remedies as to all claims he seeks to raise in federal court.[1]

The Clerk of the Court shall terminate all pending motions on the Court's docket and close the file.

This Order terminates Docket nos. 4, 6 and 7.

IT IS SO ORDERED.

Dated: 10/9/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

---

[1] In reviewing Plaintiff's complaint, the Court takes judicial notice of a petition for a writ of habeas corpus that Plaintiff filed in this court in 1990. See Mack v. Stainer, C 90-3203 CAL (PR). The petition was denied on the merits on May 24, 1994. Id. Docket no. 29. The Ninth Circuit Court of Appeals affirmed the denial on May 22, 1997. Id. Docket no. 37. Plaintiff is informed that a second or successive federal habeas petition containing previously raised or new claims that attack the same conviction or sentence at issue in a prior federal habeas petition may not be filed in the district court unless the petitioner first obtains from the United States Court of Appeals an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A).